**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **GREGORY MOORE** ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Civil Action No.** |
| ) | |
| **338 GRILL** ) | |
| Defendants, ) | |
| ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### *I. COMPLAINT*

1. Plaintiff, Gregory Moore, brings this action against the above referenced Defendant(s), for alleged violation of the Electronic Fund Transfer Act, 15 U.S.C. 1693 et. seq. (EFTA).

### *II. JURISDICTION AND VENUE*

2. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

3. Venue is proper in this District because Defendant(s) does business in this jurisdiction.

4. Venue is proper in this jurisdiction because a substantial portion of the transaction or occurrence took place in this jurisdiction.

5. Venue is proper in this jurisdiction because certain key witness(es) to the transaction or occurrence are situated or reside at or near this jurisdiction.

### III.  PARTIES

6. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

7. Plaintiff is Gregory Moore, an adult individual, citizen of the United States, and resident of Massachusetts, with a current residence in Essex County, Massachusetts.

8. Defendant(s) are the following entities with the following principle business addresses:

   (a) 338 Grill with a principle place of business located at 338 Squire Road, Revere, MA 02151-4315.

   (b) John Does 1-10 whose identities are not known at this time, but whose identities will be obtained in discovery.  Such Does may include persons or business entities.  It is believed that said Does had a substantial involvement in the transaction or occurrences that are the subject of this complaint.  Such Does benefited from the acts complained of and had a substantial role is causing the acts complained of.

   (c) X,Y, Z Corporations whose identities are not known at this time, but whose identities will be obtained in discovery.  Such entities may include corporations or other business entities.  It is believed that said entities had a substantial involvement in the transaction or occurrences that are the subject of this complaint.  Such entities benefited from the acts complained of and had a substantial role is causing the acts complained of.

### IV.  FACTUAL ALLEGATIONS

9. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

10. Defendant(s) operate(s) an automated teller machine (ATM) as described in the attached exhibit.

11. Within the applicable statute of limitations prior to the commencement of this action, Plaintiff used the ATM described above.

12. Plaintiff is not a regular customer of Defendant(s).

13. There was no external fee notice at or near the ATM that a fee would or may be charged.

14. Defendant's machine charged Plaintiff $2.00.  See attached exhibit.

**COUNT ONE: Violation of the Electronic Funds Transfer Act, 15 U.S.C. §1693b(d) ("EFTA"), and implementing Federal Reserve Regulation E. 12 C.F.R. § 205.15.**

15. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

16. Congress enacted the EFTA to protect individual consumer rights by "providing a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). In order to be covered by the EFTA, electronic fund transfers must (1) involve a transfer of funds, (2) that is initiated by electronic means, and (3) debits or credits a consumer account. Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1328 (7th Cir. 1997).

17. The Electronic Fund Transfer Act, 15 U.S.C. §1693b(d) ("EFTA"), and implementing Federal Reserve Regulation E. 12 C.F.R. § 205.15. require an ATM operator such as Defendants to provide notice to consumers that the operator will or may impose a fee on consumers for conducting a transaction at an ATM. One notice must be posted on or near the ATM. This notice is in addition to any that appear on the A TM screen.

18. EFTA requires ATM operators to provide notice of any fees charged to consumers. An ATM operator that imposes a fee on the consumer must, at the time the service is provided, tell the consumer that a fee is imposed and the amount of the fee. 15 U.S.C. § 1693b(3)(A). EFTA also requires ATM operators to provide the fee notice on both the machine and the ATM screen 15 U.S.C. § 1693b(3)(B).

19. The EFTA, 15 U.S.C. §1693b(d)(3)(c), and Regulation E, 12 C.F.R. §205.16(e), prohibit the imposition of a fee for using an ATM if the notice requirements are not met.

20. Defendant(s) violated the EFTA by failing to adequately disclose the transaction fee as required by law.

## V.  CLASS ALLEGATIONS

21. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

22. Plaintiff brings suit on behalf of a class, pursuant to Federal Rule of Civil Procedure 23.

23. The class consists of the following.

> (a) All persons who on or after a date one year prior to the filing of this action, and on or before a date 20 days after filing of this action used the ATM described in this complaint; and

    (b) were charged a fee for use of Defendant(s) ATM at the same ATM machine at the above described location; and

    (c) were not provided the proper fee notice as required by law.

24. The number of class members is so numerous that joinder is impracticable.

25. On information and belief, there are more than 50 persons who on or after a date one year prior to the filing of this action, and on or before a date 20 days after filing of this action were charged a fee for use of Defendant(s) ATM at the same ATM machine at the above described location.

26. There are questions of law and fact common to the class, and they predominate over any questions affecting only individual class members. The common questions include but are not limited to the following:

    (a) Whether Defendant(s) ATM was posted with a proper external fee notice.

    (b) Whether Defendant violated the EFTA by failing to provide a proper external fee notice.

27. Plaintiff's claims are typical of the claims of the class members. All are based on the same facts and legal theories.

28. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in class action and consumer credit litigation.

29. A class action is superior to other available methods for the full and efficient adjudication of the controversy. Individual actions are not economically feasible.

## VI.  DAMAGES

30. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

31. Plaintiff requests statutory damages under EFTA, and requests an amount of no less than $1,000.00.

## VII.  ATTORNEY FEES

32. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

33.  Plaintiff is entitled to reasonable attorney fees and costs of $1,400.00 at a rate of $350.00 per hour for services, as well as the filing fee costs of $350.00, including but not limited to the following:

| | |
|---|---|
| a. Client consultation and review of file | 1 hour |
| b. Drafting of complaint and related documents, review with client, document processing and filing | 1 |
| c. Service of process.  Service by cert mail and process server | 1 |
| d. Follow up with Defense | 1 |
| e.  Filing fee costs | $350.00 |

4 hours x $350.00 + $350.00 filing fee= $1,750.00

## VIII.  OTHER RELIEF

34.  The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

35.  Plaintiff believes and avers that he is entitled to a reasonable plaintiff incentive fee in the amount of no less than $5,000.00 for his effort involved in enforcing EFTA and prosecuting this suit for the benefit of consumers and the greater good of the community.

36.  Plaintiff requests such other relief as this Honorable Court deems just and proper.


WHEREFORE, the Court should enter judgment in favor of Plaintiff in the amount of $7,400.00 for statutory damages, attorneys' fees, plus litigation expenses and costs of suit, a plaintiff incentive fee and such other relief as this Court deems proper and just.  Upon certification of the class, Plaintiff requests that the Court enter judgment for such amount as is proven and the Court deems fair and just.

            RESPECTFULLY SUBMITTED,
            By: /s/ Derek DePetrillo
            Derek DePetrillo
            BBO: 670303
            Consumer Rights Law Firm
            191 Merrimack Street, Suite 302
            Haverhill, Massachusetts, 01830
            Phone: (603) 685-3323
            Fax: (888) 712-4458
            Attorney for Plaintiff

***DEMAND FOR JURY TRIAL***
Please take notice that plaintiff Gregory Moore demands trial by jury in this action.